UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


GLEN FORERO, JR.,                         :        Hon. Joseph H. Rodriguez

        Plaintiff,                        :        Civil Action No. 11-cv-1630

        v.                                :        MEMORANDUM OPINION
                                                      & ORDER
ATLANTIC CITY,                            :
MARK A. PINCUS, JR.,
JERARD INGENITO, and                      :
CHRISTINE M. PETERSEN,
(former) Atlantic City Director of Public Safety, :

        Defendants.                       :


        This matter is before the Court on Defendants' Motion for Summary Judgment

on Counts Three, Four, Five, and Six [Docket No. 38].  The Court has considered the

submissions of the parties and has decided the motion pursuant to Federal Rule of Civil

Procedure 78(b).  For the reasons set forth below, the motion will be granted in part and

denied in part.

                        Background & Procedural History

        After the police were summoned due to a disturbance, on November 12, 2010,

Plaintiff Glen Forero and his girlfriend essentially were evicted from the Showboat Hotel

and Casino in Atlantic City.  Plaintiff has alleged that he was subjected to excessive force

in the process.  On March 24, 2011, he filed a Complaint in this Court as a result of the

occurrence.

Defendant has moved for summary judgment on Count Three for malicious abuse of process, Count Four for Supervisory Liability against John Does who were never named, Count Five for unlawful custom, practice, policy/inadequate training against the Atlantic City Police Department and the former Director of Public Safety, and Count Six, a demand for prospective injunctive relief.  Plaintiff does not contest the motion as regarding Counts Three and Four.[1]  Nor does Plaintiff address the motion as to the request for summary judgment regarding any demand for prospective injunctive relief.[2]  Accordingly, the defense motion will be granted as to Counts Three, Four, and Six.

Regarding Count Five, Plaintiff contends that the quantity of Internal Affairs complaints against Defendants Pincus, Ingenito, and other Atlantic City police officers, as well as other lawsuits filed against them, reveals that police supervisors are well aware of and deliberately indifferent to a pattern, policy, and practice of police abuse and misconduct against citizens sufficient to visit municipal liability on Atlantic City and Petersen.

Defendants argue that Plaintiff has failed to establish that Defendants employed an offending policy or custom that was the proximate cause of Plaintiff's injury, as there is no expert report to support this claim for municipal liability.  Defendants also argue that the lawsuits cited by Plaintiff lack relevance here.

---

[1] "Plaintiff takes no position as to Defendants' . . . brief arguing that Plaintiff's Malicious Abuse of Process and Supervisory Liability claims should be dismissed."  Pl. Br., p. 1.

[2] Plaintiff's claim for injunctive relief is based on past harm.  He has made no showing of any likelihood of harm in the future.  This alleged harm lacks the "high degree of immediacy required to constitute injury in fact and provide Article III standing" for prospective relief.  Pennsylvania Prison Soc. v. Cortes, 508 F.3d 156, 166 (3d Cir. 2007) (citing Defenders of Wildlife v. Lujan, 504 U.S. 555 (1992)).  Without a showing of likelihood that he would be harmed again by Defendants in the near future, plaintiff is "no more entitled to an injunction that any other citizen."  Lundy v. Hochberg, 91 F. Appx. 739, 743 (3d Cir. 2003).

## Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (a).  The Court will enter summary judgment in favor of a movant who shows that it is entitled to judgment as a matter of law, and supports the showing that there is no genuine dispute as to any material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56 (c)(1)(A).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party

3

must identify specific facts and affirmative evidence that contradict those offered by the

moving party.  Andersen, 477 U.S. at 256-57.  "A nonmoving party may not 'rest upon

mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v.

Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting

Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)).  Indeed,

> the plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a
> party who fails to make a showing sufficient to establish the existence of an
> element essential to that party's case, and on which that party will bear the
> burden of proof at trial.

Celotex, 477 U.S. at 322.  That is, the movant can support the assertion that a fact

cannot be genuinely disputed by showing that "an adverse party cannot produce

admissible evidence to support the [alleged dispute of] fact."  Fed. R. Civ. P. 56(c)(1)(B);

accord Fed. R. Civ. P. 56(c)(2).

       In deciding the merits of a party's motion for summary judgment, the court's role

is not to evaluate the evidence and decide the truth of the matter, but to determine

whether there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

249 (1986).  Credibility determinations are the province of the factfinder.  Big Apple

BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

                                      Discussion

       A municipality is not liable under 42 U.S.C. § 1983 on a respondeat superior

theory.  Monell v. Dept. Soc. Servs. of New York, 436 U.S. 658, 691 (1978).  However, a

government entity may be liable for its agent's actions upon a demonstration that a

policy or custom of the municipality caused, or was a "moving force" behind, the alleged

violation of Plaintiff's rights.  Kentucky v. Graham, 473 U.S. 159, 166 (1985) (quoting

Polk County v. Dodson, 454 U.S. 312, 326 (1981)); Beck v. City of Pittsburgh, 89 F.3d

966, 971 (3d Cir. 1996).  Policy or custom may be established in two ways. "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted). "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." Id. (citations omitted). Custom requires proof of knowledge and acquiescence by the decisionmaker. McTernan v. City of York, PA, 564 F.3d 636, 657 -658 (3d Cir. 2009). Moreover, supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," or if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." Santiago v. Warminster Twp., 629 F.3d 121, 129 (3d Cir. 2010) (citations omitted).  Thus, in order to prevail against the government entity, "[a] plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered." Losch v. Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984).  Further, a plaintiff must show that the municipality acted with "deliberate indifference" to the known policy or custom.  Canton v. Harris, 489 U.S. 378, 388 (1989).  "A showing of simple or even heightened negligence will not suffice." Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. at 397, 407 (1997). Finally, to prevail on a failure to train, discipline or control claim, a plaintiff must "show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending

subordinate." Montgomery v. De Simone, 159 F.3d 120, 127 (3d Cir. 1998) (citations omitted).

Consistent with other Courts in this District, this Court will deny Defendants' motion for summary judgment as to Atlantic City's liability "for its custom of acquiescing in its officers' use of excessive force." Cordial v. Atlantic City, Civ. Action No. 11-1457 (RMB), 2014 WL 1095584, at *5 (D.N.J. Mar. 19, 2014) (finding that the plaintiff presented sufficient evidence to survive summary judgment regarding Atlantic City's failure to conduct adequate Internal Affairs investigations into excessive force complaints against police officers in that from 2005 to 2009, 426 excessive force complaints were lodged with IA, but only 4 were sustained; for 2010, only 1 of the 166 excessive force complaints was sustained).

Of course, statistical evidence standing alone, "isolated and without further context," generally is not enough to "justify a finding that a municipal policy or custom authorizes or condones the unconstitutional acts of police officer." Katzenmoyer v. Camden Police Dep't, Civ. Action No. 08–1995 (RBK), 2012 WL 6691746, at *4 (D.N.J. Dec. 21, 2012) (citing Merman v. City of Camden, 824 F. Supp. 2d 581, 591 (D.N.J. 2010)). If a plaintiff relies mainly on statistics showing the frequency of excessive force complaints and how frequently they are sustained, the plaintiff must show why the prior incidents were wrongly decided and how the misconduct in the case is similar to that involved in the present action. Id. (citing Franks v. Cape May County, Civ. Action No. 07–6005 (JHR), 2010 WL 3614193, at *12 (D.N.J. Sept. 8, 2010)). As the Court noted in Franks at *12 (citation and quotation omitted), "[r]ather than simply reciting a number of complaints or offenses, a plaintiff must show why those prior incidents deserved discipline and how the misconduct in those cases is similar to that involved in

the present action."  This can be done by showing "that the officer whom a plaintiff accuses of using excessive force has been the subject of multiple similar complaints." Katzenmoyer, 2012 WL 6691746, at *4.  A plaintiff can also submit a sample of excessive force complaints from the relevant police department "bearing similarities to her own case and arguably evincing a tendency on the part of the internal affairs division to insulate officers from liability."  Id. at *5.

In Worrall v. City of Atlantic City, Civil Action No. 11–3750 (RBK), 2013 WL 4500583 (D.N.J. Aug. 20, 2013), Judge Kugler denied Atlantic City's motion for summary judgment based on the number of complaints against the defendant officer, the related subject matter of the complaints, and the relatively short time within which the complaints were filed.  Even though the complaints against the officer were either "not sustained" or he was "exonerated," the court held that the jury could have inferred Atlantic City's acquiescence to the officer's alleged unlawful conduct, and could have inferred knowledge and deliberate indifference.

Plaintiff has alleged that on November 12, 2010, he was assaulted without justification and with excessive force by Atlantic City police officers Defendants Pincus and Ingenito.  Pincus had been the subject of seven Internal Affairs complaints during the period of July 2009 to February 2011; he triggered the police department's Internal Affairs Early Warning System in April 2010.  One of the complaints alleged excessive force and two of the complaints alleged assault.  During discovery in this matter, Plaintiff was provided with five Excessive Force/Assault Internal Affairs complaints against Pincus.  Pincus has been the subject of at least one other lawsuit alleging excessive force.  Ingenito was the subject of one other excessive force/assault Internal Affairs complaint.

A total of 1,280 Internal Affairs complaints were filed against Atlantic City police between 2005 and 2010, 509 complaints alleged excessive force.  "[T]he existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training, rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident, is the "moving force" behind the plaintiff's injury.  <u>Bryan County</u>, 520 U.S. at 407-08. Further, "it is logical to assume that continued official tolerance of repeated misconduct facilitates similar unlawful actions in the future."  <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 851 (3d Cir. 1990).  Construing all reasonable inferences in favor of the non-moving party, a jury could conclude that the Defendants' violation of Plaintiff's rights was a predictable consequence of Defendants' failure to properly handle recurring situations through training or discipline. Accordingly, this Court finds that there are genuine issues of material fact relating to Plaintiff's claim for unlawful custom, practice, policy/inadequate training.  Therefore, the City's motion for summary judgment will be denied as to Count Five.  As stated above, the defense motion will be granted as to Counts Three, Four, and Six.

Conclusion

For the reasons set forth here,

IT IS ORDERED this 31st day of March, 2014 that Defendants' Motion for Summary Judgment on Counts Three, Four, Five, and Six [Docket No. 38] is hereby <u>GRANTED IN PART</u> and <u>DENIED IN PART</u>.

 <u>/s/ Joseph H. Rodriguez</u>
JOSEPH H. RODRIGUEZ
U.S.D.J.